FILED
OCT 11 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR. NO. **3:06cr234-MEF-DRB** |
| ) | [18 USC 922(g)(1) and |
| JAMES MELVIN BANDY ) | 21 USC 844(a)] |
| ) | |
| ) | INDICTMENT |

The Grand Jury charges that:

## COUNT 1

On or about July 8, 2004, in Lee County, within the Middle District of Alabama, the defendant,

**JAMES MELVIN BANDY,**

having been convicted of the following felony, a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1)   March 5, 2002, Possession of Cocaine, in the Circuit Court of Lee County, Alabama, case number 02-061,

did knowingly possess in and affecting commerce a firearm, to-wit: a Smith and Wesson, Model 29, .44 Magnum Revolver, a better description being unknown to the Grand Jury, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 2

On or about the 8th day of July, 2004, in Lee County, within the Middle District of Alabama, the defendant,

**JAMES MELVIN BANDY,**

did knowingly and intentionally possess cocaine base, more commonly referred to as "crack

cocaine," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 844(a).

## FORFEITURE ALLEGATION

A. Count 1 of this indictment is hereby repeated and incorporated herein by reference.

B. Upon conviction for the violation alleged in Count 1 of this indictment, the defendant,

JAMES MELVIN BANDY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

**One Smith & Wesson, Model 29, .44 Magnum Revolver, bearing serial number TJA7944.**

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in the above paragraphs.

2

All in violation of Title 18, United States Code, Section 922.

A TRUE BILL:

/s/ Janice Davis Williams
Foreperson

/s/ Leura G. Canary
LEURA G. CANARY
United States Attorney

/s/ John T. Harmon
JOHN T. HARMON
Assistant United States Attorney

/s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney

3